People v Green (2019 NY Slip Op 09119)





People v Green


2019 NY Slip Op 09119


Decided on December 20, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CENTRA, NEMOYER, CURRAN, AND TROUTMAN, JJ.


387/18 KA 16-00295

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
NICOLE L. GREEN, ALSO KNOWN AS NICOLE GREEN, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (JAMES M. SPECYAL OF COUNSEL), FOR DEFENDANT-APPELLANT.
LAWRENCE FRIEDMAN, DISTRICT ATTORNEY, BATAVIA (SHIRLEY A. GORMAN OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Genesee County Court (Robert C. Noonan, J.), rendered December 1, 2015. The judgment convicted defendant, upon her plea of guilty, of attempted burglary in the second degree. The judgment was affirmed by order of this Court entered April 27, 2018 in a memorandum decision (160 AD3d 1422), and defendant on September 18, 2018 was granted leave to appeal to the Court of Appeals from the order of this Court (32 NY3d 1004), and the Court of Appeals on November 26, 2019 reversed the order and remitted the case to this Court for a determination of all issues raised but not determined on the appeal to this Court (— NY3d — [Nov. 26, 2019]). 
Now, upon remittitur from the Court of Appeals,
It is hereby ORDERED that, upon remittitur from the Court of Appeals, the judgment so appealed from is unanimously affirmed.
Memorandum: This case is before us upon remittitur from the Court of Appeals (People v Thomas, — NY3d &mdash, 2019 NY Slip Op 08545 [2019], revg People v Green, 160 AD3d 1422 [4th Dept 2018]). We previously affirmed the judgment convicting defendant upon her plea of guilty of attempted burglary in the second degree (Penal Law
§§ 110.00, 140.25 [2]), concluding that defendant's waiver of the right to appeal was knowing, voluntary and intelligent, and that the waiver encompassed her challenge to the severity of the sentence (Green, 160 AD3d at 1422-1423). The Court of Appeals reversed, stating that it "cannot conclude that the appeal waiver[] on the record[] in Green [was] knowingly or voluntarily made in the face of erroneous advisements warning of absolute bars to the pursuit of all potential remedies, including those affording collateral relief on certain nonwaivable issues in both state and federal courts" (Thomas, — NY3d at &mdash, 2019 NY Slip Op 08545, *8). The Court of Appeals remitted the matter to this Court "for a determination of all issues raised but not determined" previously (id., — NY3d at &mdash, 2019 NY Slip Op 08545, *8).
After review of defendant's contention upon remittitur, we conclude that the sentence is not unduly harsh or severe.
Entered: December 20, 2019
Mark W. Bennett
Clerk of the Court